IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARTAN L. ROBINSON,

   Plaintiff,         No. 2:12-cv-1867-MCE-EFB PS

  vs.

DISTRICT COURT OF THE UNITED
STATES, EASTERN JUDICIAL
DISTRICT OF CALIFORNIA; CLERKS
OF COURT JOHN DOE AND JANE DOE,  ORDER AND
                   FINDINGS AND RECOMMENDATIONS
   Defendants.
_____/

   Plaintiff requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted an affidavit purporting to demonstrate that he is unable to prepay fees and costs or give security for them. Dckt. No. 2. However, because the affidavit was not signed, on July 24, 2012, the undersigned issued an order directing plaintiff to file, within fourteen days, a further affidavit which is dated and signed under penalty of perjury. Dckt. No. 3. The court stated that it would then resume consideration of plaintiff's application to proceed *in forma pauperis*.[1]

---

[1] The court also noted that plaintiff's complaint does not appear to state any cognizable claims and that pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Dckt. No. 3 at 1, n.1. Nonetheless, the court deferred ruling on those issues until after plaintiff's *in forma*

1

1   On August 14, 2012, plaintiff filed a further affidavit. Dckt. No. 4. That affidavit
2 demonstrates that plaintiff is unable to prepay fees and costs or give security thereof.
3 Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

4   Determining plaintiff may proceed *in forma pauperis* does not complete the required
5 inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time
6 if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails
7 to state a claim on which relief may be granted, or seeks monetary relief against an immune
8 defendant.

9   Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
10 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if
11 it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
12 *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
13 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
14 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
15 a cause of action's elements will not do. Factual allegations must be enough to raise a right to
16 relief above the speculative level on the assumption that all of the complaint's allegations are
17 true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable
18 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
19 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20 ////
21 ////
22 ////
23 ////
24 ////
25 _____

26 *pauperis* status is determined. *Id.*

2

1    In this action, plaintiff alleges that on July 10, 2012, his constitutional rights were

2 violated as follows:

> On the day in question, I went down to the federal court building ...
> and told the court clerk (Jane Doe) I wanted to start a misc. file...[2]
> At this time the clerk (Jane Doe) said she is not sure if she could
> file it, she said she had to talk to her supervisor.  So she took my
> documents and carried them off to some backroom in violation of
> 18 U.S.C. 2071.  The male supervisor came out (John Doe) and
> said I couldn't file my documents and that I had to start a civil case
> to file them.  I pointed to their rules ... that I printed up [which said
> that] any document not related to a case is $46.  John Doe said
> sorry I am not going to argue with you.
>
> At this point I said I need your names, that's when I noticed both
> clerks name tags were purposely not in plain sight, I saw the
> supervisors name tag on his pants and could not read it.  They
> refused to give me any names and they are public trustees.  So then
> John Doe the supervisor threatens to have me removed from the
> building with the US Marshals, I told him I apologize even though
> I did nothing wrong.  I felt like they were practicing law instead of
> doing their job, so again he said I am not going to argue anymore
> and that I had to file civilly.  So again I said I don't need your
> names? so I can do an incident report or claim, John Doe said I
> didn't need their names to start a civil suit which was a lie.

Compl., Dckt. No. 1 at 2.  Plaintiff alleges that his "human rights, treaty rights and international rights were violated," along with a wide variety of other statutory and constitutional claims.  *See generally id.*

Plaintiff's complaint is based on an alleged failure by two court clerks to file certain documents from plaintiff in a miscellaneous case file, along with their failure to wear name tags that plaintiff could see.  However, as noted in plaintiff's earlier-filed action in this court, absent an actual claim for relief, plaintiff is not entitled to utilize the court as a record-keeping system. *Robinson v. U.S. Dist. Ct.*, 2:11-cv-02679-JAM-EFB, Dckt. Nos. 3 and 5.  Plaintiff does not

---

[2] It appears plaintiff was trying to file something "to let all agencies know" that he recently changed his name and nationality. Dckt. No. 1 at 2. Plaintiff previously filed an action challenging the denial of his right to file miscellaneous documents on the public record. *See Robinson v. U.S. Dist. Ct.*, 2:11-cv-02679-JAM-EFB.  That case was dismissed for failure to state a claim. *Id.*, Dckt. Nos. 5, 7.

3

allege that he purported to file a complaint at the time he sought to file his paperwork; therefore, plaintiff did not seek to commence a civil action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Nor did plaintiff seek to commence an "ancillary or supplementary proceeding," or request that the court resolve any administrative matters through the judicial system. *See* E.D. Cal. L.R. 101 (defining "Miscellaneous Case/Action" as "a number assigned to an ancillary or supplementary proceeding not defined as a civil or criminal action"). Instead, plaintiff merely wanted to utilize the court as a record-keeping system, which is not permissible.

Moreover, because the conduct by the court clerks that plaintiff alleges was improper was "an integral part of the judicial process," and they did not act in the clear absence of all jurisdiction, they are entitled to immunity from plaintiff's claims. *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987) (finding that court clerks have absolute quasi-judicial immunity for filing decisions); *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996) (according immunity to clerk of the United States District Court for the Southern District of California given nature of the responsibilities); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) ("The defendant Clerk of the United States Supreme Court has absolute quasi-judicial immunity because his challenged activities were an integral part of the judicial process.").

Because plaintiff's complaint does not allege any cognizable legal theory, and it appears amendment would be futile, the complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis, Dckt. Nos. 2 and 4, is granted.

////

////

1    IT IS FURTHER RECOMMENDED that:

2    1.  Plaintiff's complaint be dismissed without leave to amend; and

3    2.  The Clerk be directed to close this case.

4    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5